UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN WELL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 24-CV-10517-AK |
| E-DENTAL SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON E-DENTAL SERVICES, LLC'S MOTION FOR JUDICIAL DETERMINATION AS TO IMPOUNDMENT OF E-DENTAL SERVICES, LLC'S ANSWER AND COUNTERCLAIMS**

**ANGEL KELLEY, D.J.**

Plaintiff American Well Corporation ("Amwell") filed a complaint against Defendant E-Dental Services, LLC, ("E-Dental") alleging E-Dental breached a Master Software and Services Agreement between the parties. Before the Court is E-Dental's Motion for Judicial Determination as to Impoundment of E-Dental's Answer and Counterclaims. [Dkt. 16]. E-Dental asks the Court to determine whether any part of E-Dental's Answer and Counterclaims should be impounded because some of its allegations implicate a confidentiality agreement between the parties. [Dkt. 16 at 1-2]. In its Response, Amwell identified specific allegations in E-Dental's draft Answer and Counterclaims that implicate the parties' confidentiality agreement and asks the Court to order that those specific paragraphs be impounded. [Dkt. 19 at 3-4]. For the following reasons, E-Dental's Motion for Judicial Determination as to Impoundment of E-Dental's Answer and Counterclaims [Dkt. 16] is **GRANTED**.

I.  **LEGAL STANDARD**

There is a general right to access public records and documents, including judicial records and documents.  <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978).  To overcome this general right, "[a] party seeking to file a document under seal must demonstrate that 'good cause' exists to do so."  <u>Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.</u>, No. CIV. A. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).  "What constitutes 'good cause,' . . . depends on the nature of the filing.  The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."  <u>Bradford & Bigelow, Inc. v. Richardson</u>, 109 F. Supp. 3d 445, 447 (D. Mass. 2015).  There is no tradition of public access to unfiled discovery matters.  <u>Id.</u>  For non-discovery pretrial motions, however, there is a presumptive right of public access.  <u>Id.</u>  <u>See, e.g.</u>, <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not . . . .").

To seal such filings, the party seeking to seal non-discovery motions must make "a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal."  <u>Dunkin Donuts Franchised Restaurants,</u> 2008 WL 427290, at *1.  The party must also "demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information."  <u>Bradford & Bigelow</u>, 109 F. Supp. 3d at 448.  <u>See, e.g.</u>, <u>Nixon</u>, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.").

II. **DISCUSSION**

The present motion pertains to E-Dental's Answer and Counterclaims, which relate to and provide the foundation for dispositive motions. "For such documents, the public interest in access is strong and the tradition of public access is robust." Bradford & Bigelow, 109 F. Supp. 3d at 449. To support sealing them, Amwell "must establish an overriding interest in sealing and must ensure that any sealing is narrowly tailored to shield as little from public view as possible." Id. "In civil cases, interests which courts have found sufficient to justify impoundment include . . . confidential business information . . . ." Velcro Grp. Corp. v. Zijlstra, 180 F. Supp. 3d 106, 107 (D. Mass. 2016). Thus, courts have agreed to seal business records that might provide an advantage to competitors. See In re Gitto Glob. Corp., 422 F.3d 1, 6 (1st Cir. 2005) (stating that "[c]ourts have exercised their discretion . . . to abrogate the right of public access where doing so was necessary to prevent judicial records from being . . . 'sources of business information that might harm a litigant's competitive standing.'") (quoting Nixon, 435 U.S. at 598).

Here, the parties have pointed out that some of E-Dental's allegations implicate a confidentiality agreement they entered in December 2022. [Dkts. 16 at 2; 19 at 3-4]. The Confidentiality Agreement protects "trade secrets, know-how, inventions, technical data or specifications, testing methods, business or financial information, research and development activities, product and marketing plans, and customer and supplier information." [Dkt. 16-5 at 2]. Specifically, Amwell seeks to redact paragraphs 29-30 and 48 of E-Dental's draft Answer and Counterclaims because they disclose the cost of the products described therein, the degree to which Amwell can negotiate the product and costs with a third party, as well as the number and prices of licensed usage consultations—all of which Amwell alleges are highly sensitive business information subject to the Confidentiality Agreement. [Dkt. 19 at 4]. The Court agrees with

Plaintiffs that the paragraphs mentioned implicate sensitive business information.  Thus, it is hereby ordered that paragraphs 29-30 and 40 of Defendant's Answers and Counterclaims be redacted.  Defendant must also submit an unredacted version to the Court under seal.

## III.     CONCLUSION

For the foregoing reasons, E-Dental's Motion for Judicial Determination as to Impoundment of E-Dental's Answer and Counterclaims [Dkt. 16] is **GRANTED**.

**SO ORDERED.**

Dated: April 25, 2024                                                                       /s/ Angel Kelley
                                                                             Hon. Angel Kelley
                                                                             United States District Judge